### CLOSE v. WILLIAM M. CALDER CO.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

PROCESS (§ 104*)—SERVICE BY PUBLICATION—DEFECT IN NOTICE.

Under Code Civ. Proc. § 442, providing that, where service is made by publication, a notice directed to defendants shall be published with it, the court is not deprived of jurisdiction by the notice accompanying the summons, naming the defendants, and duly published, not being addressed to defendants, at least where the record shows that defendants acknowledged receipt of a copy of summons and complaint, sent by mail, so that all the purposes designed by the statute were subserved.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 130; Dec. Dig. § 104.*]

Submission of controversy on agreed statement of facts under Code Civ. Proc. § 1279, between Catherin Close and the William M. Calder Company. Judgment for plaintiff.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

James A. Sheehan, for plaintiff.
Harry Percy David, for defendant.

WOODWARD, J. The plaintiff and defendant entered into a contract for the purchase and sale of certain real estate situated in the borough of Brooklyn. The contract provided that the plaintiff should deliver to the defendant a full-covenant and warranty deed of the premises, free from all incumbrances. The defendant objects, on the ground that the title offered by the plaintiff is unmarketable, for the reason that the plaintiff derives title through a partition sale in which she was plaintiff and Andrew Blakistone and his four minor children were defendants, and that the service through an order of publication was defective, in that the notice required by section 442 of the Code of Civil Procedure was not addressed to the defendants mentioned.

There is no question that the notice accompanied the summons, naming the defendants, and was duly published. It appears from the record that Andrew Blakistone, the father of the minor defendants, acknowledged receipt of a copy of the summons and complaint, sent by mail, so that there is no doubt that all the purposes designed by the statute have been subserved, and the only question here presented is, we believe, fully answered by the discussion of Daniels, J., in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case of Loring v. Binney, 38 Hun, 152, affirmed without opinion 101 N. Y. 623, which held in a similar case that the failure to name the defendants in the notice did not operate to deprive the court of jurisdiction, or to defeat a title. The Loring Case, supra, is cited with approval in Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402, 406, 82 N. E. 448, 449, in support of the proposition that "unimportant and unessential variations from the form of notice prescribed, not affecting the substantial rights of the defendant, are irregularities which may be cured by amendment pursuant to the general authority of the court to amend a process, pleading, or other proceeding in furtherance of justice," and we are of the opinion that it is controlling here.

The plaintiff should have judgment against the defendant for the specific performance of the contract.

Judgment for plaintiff on submission of controversy, with costs. All concur.