HOLLENDER v. WALLACE. (No. 7028.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

PROCESS ☞83—SUBSTITUTED SERVICE—SERVICE OUTSIDE THE STATE—STATUTORY PROVISIONS.

    Under Code Civ. Proc. § 442, providing that, where service is made by publication, a notice directed to defendant in the form therein prescribed, stating that the summons is served by publication pursuant to an order to be described in the notice, must be subjoined to and published with the summons, and section 443, providing that, where service is made without the state, a notice must be served with the summons in all respects like the notice required by the preceding section, except that the words "without the state of New York" must be substituted for the words "by publication," where service was made outside the state, the failure to serve the required notice was not a mere irregularity, but was fatal to the sufficiency of the service.

    [Ed. Note.—For other cases, see Process, Dec. Dig. ☞83.]

    Ingraham, P. J., and Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by Susie V. Hollender, as administratrix of John A. Goodenough, deceased, against Frederick H. Wallace, as administrator of Christopher D. Wallace, deceased. From an order denying a motion to set aside an order of publication and an attempted service of the summons thereunder, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Gilbert E. Roe, of New York City, for appellant.
William H. Osborne, of New York City, for respondent.

McLAUGHLIN, J. Action to establish an alleged lost or destroyed will. The defendant is a resident of the state of Illinois. On July 21, 1914, the plaintiff obtained an order for the service of defendant by publication, and he was personally served with a copy of the order and the summons and complaint on August 20, 1914, in the state of Illinois. The order was not published, plaintiff relying upon the aforesaid service to give the court jurisdiction of the defendant and the subject-matter of the action. After the service had been made in the manner indicated, the defendant, appearing specially in the action, made a motion to set aside the order of publication and the alleged service thereunder upon the ground, among others, that he was not served with the notice required by sections 442 and 443 of the Code of Civil Procedure. The motion was denied, and defendant appeals.

Section 442 of the Code of Civil Procedure prescribes the form of notice to be published with the summons, where service is made by publication. Section 443 provides:

"Where service is made without the state, the papers specified in the last section must be previously filed; and a notice must be served with the summons, in all respects like the notice required by the last section, except that the words 'without the state of New York,' must be substituted for the words 'by publication.' "

It is not claimed that the notice prescribed by this section, or in fact that any notice, was served upon the defendant; but the respondent contends that such omission was a mere irregularity, in no way affecting the service made, and this, was the view entertained by the court at Special Term, as appears from his opinion. An examination of the authorities relied upon (McCully v. Heller, 66 How. Prac. 468; Loring v. Binney, 38 Hun, 152; Close v. Calder Co., 139 App. Div. 175, 123 N. Y. Supp. 749, affirmed 203 N. Y. 590, 96 N. E. 1112; Denman v. McGuire, 101 N. Y. 161, 4 N. E. 278), does not, I think, sustain this contention. In each case an attempt was made to comply with the statute by serving a notice. I have been unable to find any authority holding that the service was good, even though no notice whatever were served. The true rule to be applied, where service is attempted to be made in the manner here sought, is stated by Judge Chase in Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402, 82 N. E. 448. He said:

"Service of the summons—that is, notice of the commencement of the action and an opportunity by a defendant to appear and defend his rights and interests—are the important prerequisites to jurisdiction by a court. Our Code of Civil Procedure prescribes how notice must be given, and a substantial compliance with such notice is necessary. Unimportant and unessential variations from the form of notice prescribed, not affecting the substantial rights of the defendant, are irregularities which may be cured by amendment, pursuant to the general authority of the court to amend a process, pleading, or other proceeding in furtherance of justice."

Here there was not a substantial compliance with the section of the Code referred to, because no notice whatever was served. The omission to serve the notice cannot be treated as unimportant, nor can it be treated as an unessential variation from the form of notice prescribed by the Code. Unless the provision in section 443 of the Code of Civil Procedure, which requires that "a notice *must* be served," is to be treated as a nullity, the service obtained was clearly insufficient to give the court jurisdiction. The defendant has challenged its sufficiency by the proper motion for the purpose. I am of the opinion that the motion to set aside the attempted service should have been granted. This conclusion renders it unnecessary to consider the other objections raised by the appellant.

The order, in so far as it denied defendant's motion to set aside the attempted service, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

LAUGHLIN and SCOTT, JJ., concur.

INGRAHAM, P. J. I dissent. I think the service was in substantial compliance with sections 442 and 443 of the Code of Civil Procedure, and the failure to serve the notice was a mere irregularity, which could be supplied by the court. Where the complaint and a copy of the order directing service by publication was served on the defendant with the summons, a separate notice as provided for by section 442 of the Code was unimportant. That notice was required when the summons was published, to inform the defendant as to the date and place of filing

of the order providing for the service by publication. Where a copy of the order is served on the defendant personally, it supplies the information which the notice would give. The notice is only required to state that the summons was served on the defendant pursuant to the order of the judge granting the order of publication, with date and place where the order was filed. Now, those facts appeared by the order itself, a copy of which was served on the defendant with the summons and complaint. I think, therefore, there was a substantial compliance with the provisions of the Code, and the service was good under the principle stated by the Court of Appeals in Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402, 82 N. E. 448.

I think, therefore, the order should be affirmed.

CLARKE, J., concurs.