JOSEPH M. CONKLIN, as General Assignee for the Benefit of Creditors of CESARE CONTI, Respondent, *v.* FEDERAL TRUST COMPANY, Appellant.

First Department, February 23, 1917.

Process — service of summons on foreign corporation without State — service of notice required by Code of Civil Procedure essential to jurisdiction – jurisdictional defect cannot be cured nunc pro tunc — Code of Civil Procedure, §§ 443 and 768, construed — attachment.

Although the summons in a suit against a foreign corporation was personally served on an officer of the defendant without the State, pursuant to an order for publication, the service was defective and did not vest the court with jurisdiction if at the time of service the notice required by section 443 of the Code of Civil Procedure was not also served.

As such failure to serve the notice constitutes a jurisdictional defect and is not a mere irregularity, the court is without power to allow the notice to be subsequently served *nunc pro tunc.*

As the suit itself failed because of defective service an attachment of the defendant's property fell also.

Section 768 of the Code of Civil Procedure, which authorizes the curing of technical defects or insufficiencies, cannot be used to cure defects which go to the jurisdiction of the court. In order to cure defects the court must first obtain jurisdiction of the cause.

APPEAL by the defendant, Federal Trust Company, from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of November, 1916, the first granting plaintiff's motion to file a certain notice *nunc pro tunc* as of August 30, 1914, and the other denying defendant's motion to vacate the warrant of attachment herein.

*George W. Morgan,* for the appellant.

*Irving L. Ernst,* for the respondent.

SCOTT, J.:

These two appeals may conveniently be considered together. The defendant is a foreign corporation, and the action was begun on August 5, 1914, by the issuance of a warrant of attachment. On August 31, 1914, an attempt was made, pursuant to an order for publication, to serve the defendant personally without the State, and on that date copies of the summons, complaint, order of publication and the affidavits upon which it was granted were personally served upon an officer of defendant within the State of New Jersey. The notice required by section 443 of the Code of Civil Procedure was not served. In October, 1916, more than two years after the attempted service, the defendant moved to vacate the attachment upon the ground that no effectual service of the summons and complaint had been made within the period of thirty days after the granting of the warrant of attachment, as required by section 638 of the Code of Civil Procedure.

This motion was met by one on the part of plaintiff for leave to file and serve *nunc pro tunc* as of August 30, 1914, the notice specified in section 443 of the Code of Civil Procedure.

By the orders appealed from the defendant's motion to vacate the attachment was denied and plaintiff's motion for leave to file the notice *nunc pro tunc* was granted. We think that both motions were wrongly decided.

It has been very recently decided by this court in a carefully considered case that the requirement of section 443 of the Code of Civil Procedure that when service is made without the State under an order for publication "a notice *must be* served with the summons in all respects like the notice required by the last section" is a requirement affecting the jurisdiction of the court, and that the failure to serve such a notice constitutes a jurisdictional defect, and is not a mere irregularity. (*Hollender* v. *Wallace*, 167 App. Div. 217.) The plaintiff, therefore, never commenced the action and the attachment fell.

The orders appealed from cannot be justified under section 768 of the Code of Civil Procedure, which permits the curing of technical defects or insufficiencies. This section cannot be used to cure defects which go to the jurisdiction of the court. Before the court can make an order in an action to cure defects in the proceedings it must obtain jurisdiction of the cause, and that has not been obtained in this case.

The order denying the motion to vacate the attachment is reversed, with ten dollars costs and disbursements to appellant, and the motion granted. The order granting leave to file a notice *nunc pro tunc* is reversed, with ten dollars costs and disbursements to the appellant, and the motion denied.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Order denying motion to vacate attachment reversed, with ten dollars costs and disbursements, and motion granted. Order granting leave to file a notice *nunc pro tunc* reversed, with ten dollars costs and disbursements, and motion denied.