Foley, J.
This is a motion brought on an order to show cause by Carlisle Norwood, Jr., a son of the testatrix, why service of the citation upon him should not be set aside as irregular and void. The citation was served by publication and mailing. The petition for the order of publication recited that Carlisle Norwood, Jr., resides at Los Angeles, Cal. Pursuant to the order of publication the citation was mailed to him at Los Angeles. He swears in his affidavit that he never received the citation and was not otherwise informed as to the admission of the will until quite recently. From February 6 to March 2, 1918, several letters were exchanged between Carlisle Norwood, Jr., and his attorney and the New York Trust Company, the proponent of the will, and its attorneys. All these letters were written either to or from San Francisco. The trust company and its attorneys had in their letter files means of ascertaining that his correct address was San Francisco, not Los Angeles, and the statement in the petition for the order of publication that Carlisle Nor-wood, Jr., resided in Los Angeles was untrue. An affidavit under the Soldiers and Sailors’ Civil Belief Act *532 was filed by the trust company on July 26,1918, which set forth the petitioner’s whereabouts as at San Francisco. The citation was returnable on July 22, 1918. The failure to serve the citation by mail at the location known to the trust company is substantial and not a mere irregularity. Hollender v. Wallace, 167 App. Div. 217. Under the provisions of section 2490 of the Code of Civil Procedure, subdivision 6, this court has power to open, vacate or set aside a decree of this court for fraud or newly discovered evidence, clerical error or other sufficient cause. Matter of Harlow, 73 Hun, 433; Matter of Henderson, 157 N. Y. 423; Sipperly v. Baucus, 24 id. 46; Matter of Regan, 167 id. 338; Matter of Hermann, 178 App. Div. 182. There appears to exist in this matter sufficient cause for vacating the decree admitting the will to probate. Where the essential facts upon which an order for other than personal service is based are erroneously stated, service made thereunder is null and void. Clarkson v. Butler, 173 App. Div. 143. The validity of an order of publication of citation must be judged solely upon the statements in the affidavit or petition upon which it was granted. Matter of Gahn, 110 Misc. Rep. 96; Fink v. Wallach, 47 id. 247. If the relief sought was denied, opportunity would be opened for fraud, and the disregard of a party’s rights. The motion is, therefore, granted.
Motion granted.