FLORENCE BERNARD WILLIAMS and ARMIN H. MITTLEMANN, as Executors and Trustees, etc., of SAM BERNARD, Deceased, and BETTY CROSNEY, as Administratrix C. T. A. of SAM BERNARD, Deceased, Appellants, *v.* ARMIN H. MITTLEMANN, Defendant.

THOMAS J. SHAW, Respondent, *v.* ARMIN H. MITTLEMANN, Defendant.

BERNARD WEISS, Intervenor, Respondent, *v.* ARMIN H. MITTLE-MANN, Defendant.

THOMAS KEOGH, Third Party, Respondent.

Second Department, June 17, 1940.

*Abraham Shamos*, for the appellants.

*William A. Shea*, for the respondent Thomas J. Shaw.

*Gustave Menit*, for the respondent Bernard Weiss.

*Joseph L. Maged*, for the respondent Thomas Keogh.

TAYLOR, J. The facts are undisputed. On November 2, 1938, defendant Armin H. Mittlemann duly executed a confession of judgment in favor of the plaintiffs-appellants Florence Bernard Williams and Armin H. Mittlemann, as executors and trustees under the last will and testament of Sam Bernard, deceased, for $30,000 and interest. The consideration therefor was an unpaid loan for $30,000 made in 1924 by the testator to Mittlemann. On January 18, 1939, those plaintiffs caused the confession of judgment to be entered and filed in the office of the clerk of the county of Queens. Judgment was on that day duly entered thereon for principal, interest and costs in the sum of $30,410.75. Mittlemann was not a resident of Queens county on November 2, 1938. He then resided in Nassau county and had been resident there since July 8, 1938.

On November 2, 1938, respondent Thomas J. Shaw was the holder of a confession of judgment, also executed by Armin H. Mittlemann. On April 17, 1939, the same was filed by him in the office of the clerk of Queens county, and judgment duly entered thereon in the sum of $26,848.04. The statement of that confession and such judgment likewise were *not* filed and entered in the county of Mittlemann's residence as of the date of that confession.

Respondent Bernard Weiss was the holder of a judgment against Armin H. Mittlemann, duly recovered on June 6, 1939, in the Supreme Court of New York, county of New York, *not* upon confession, in the sum of $34,102.80.

Respondent Thomas Keogh, on January 18, 1939, when the judgment first mentioned in favor of the plaintiffs-appellants, executors and trustees, was thus entered against Mittlemann, held $3,525 belonging to that judgment debtor. On that day, pursuant to their judgment, the judgment creditors (executors and trustees) therein caused to be served upon Keogh a third-party subpœna. In disregard of the injunction contained therein, Keogh paid to respondent Shaw $2,525 of the amount thus held by him, and the remaining $1,000 thereof to respondent Weiss. At the instance of the plaintiffs-appellants, executors and trustees, proceedings were duly had in the Supreme Court, County of New York, looking to the punishment of respondent Keogh for contempt of court for his disobedience of the injunction. These culminated in a decision by Justice COLLINS on December 20, 1939, directing that Keogh be punished for contempt and fined $3,525. The entry of an order on that decision has been withheld pending our determination of this appeal. Armin H. Mittlemann was adjudicated a bankrupt September 1, 1939.

Respondent Shaw moved to vacate the judgment of the appellants, executors and trustees, upon the ground that the same was not entered in the office of the clerk of the county of Mittlemann's residence, pursuant to section 543 of the Civil Practice Act, notwithstanding that if the judgment of the executors and trustees was void, as Shaw claimed, Shaw's judgment would be void also for the same reason. Respondent Weiss, junior creditor, was permitted formally to intervene in the proceedings resulting in the order appealed from. The respondent Keogh, in effect, likewise intervened by filing an affidavit in which he stated that he joined in the application to vacate the judgment of the plaintiffs-appellants, executors and trustees. Only a judgment creditor has standing to question on motion the validity of that judgment. (*Neusbaum* v. *Keim*, 24 N. Y. 325; *Jacobstein* v. *Abrams*, 41 Hun, 272; *Magalhaes* v. *Magalhaes*, 254 App. Div. 880.) Therefore, only Weiss, with a concededly valid junior judgment, had such standing. Shaw lacked it because his judgment was affected by the same infirmity which he asserts rendered void the judgment of plaintiffs-appellants, executors and trustees. Keogh manifestly lacked such standing. Shaw, Weiss and Keogh are apparently co-operative as against the appellants.

The determination of the learned Special Term was correct. The judgment under attack is void. Concededly it was entered on confession of the defendant Mittlemann, the statement of which was filed on January 18, 1939, in the office of the clerk of Queens county, which county was not the residence of Mittlemann on November 2, 1938, when the statement was made. (Civ. Prac. Act, § 543.) That section reads: " § 543. Entry of judgment on filing statement. At any time within three years after the statement is verified, it may be filed with the county clerk of the county of which the defendant was a resident at the time of making such statement. Thereupon the clerk must enter, in like manner as a judgment is entered in an action, a judgment for the sum confessed, with costs, which he must tax, to the amount of fifteen dollars, besides disbursements taxable in an action. The judgment must be entered in the Supreme Court. A judgment shall not be entered upon such a statement after the defendant's death." Properly construed, the word " may " therein, which on its face is permissive, is in law mandatory under circumstances to which reference is made *infra*. (*Glaser* v. *Brand*, 253 App. Div. 711 [see opinion of ROSENMAN, J., at Special Term, N. Y. L. J. June 11, 1937, p. 2947]; leave to appeal denied, 253 App. Div. 797; 277 N. Y. 737.) Judgments by confession are governed entirely by sections 540 to 545 of the Civil Practice Act; and strict conformity

therewith is requisite. (*Glaser* v. *Brand, supra.*) The requirement of section 543 as to the filing of the statement in the county in which the confessor resided when he executed the statement, is jurisdictional. The word " may " is to be construed as " must." Section 543, so far as pertinent, is identical in language with former section 1275 of the Code of Civil Procedure, as amended by chapter 639 of the Laws of 1915. Before that amendment, section 1275 provided for the filing of the statement as follows: " At any time within three years after the statement is verified, it may be filed *with a county clerk,* * * *." (Italics mine.) The amendment would be futile and the legislative manifest purpose would be defeated if section 543 of the Civil Practice Act and its predecessor section should be construed in respect of the place of the filing of the statement as merely permissive. (*Glaser* v. *Brand, supra; People ex rel. Comstock* v. *City of Syracuse,* 59 Hun, 258; affd., 128 N. Y. 632; see *Morse* v. *Press Publishing Co.,* 71 App. Div. 351, 359.) The intent and purpose of the Legislature clearly appears " to enact a law mandatory in its character." (*People ex rel. Comstock* v. *City of Syracuse, supra,* at p. 265.)

The judgment of plaintiffs-appellants is vulnerable to the motion by respondent Weiss to vacate the same; and is void as to judgments validly entered.

The appellants urge that their judgment should be permitted to stand as one entered validly by default. It is true that a summons (only) was served by the executors and trustees upon the defendant Mittlemann shortly before the statement of the confession of judgment was executed by him. The judgment, however, is plainly one based upon that confession and not by default for failure of the appearance of the defendant in the action in which the summons was served upon him, service of which summons was waived by plaintiffs-appellants when they entered judgment upon the confession.

The order appealed from should be affirmed, with ten dollars costs and disbursements to the respondent Weiss only.

Lazansky, P. J., Hagarty, Carswell and Adel, JJ., concur.

Order granting, among other things, motions of Thomas J. Shaw and the intervenor Bernard Weiss to vacate a judgment in favor of Florence Bernard Williams and Armin H. Mittlemann, as executors and trustees under the last will and testament of Sam Bernard, deceased, affirmed, with ten dollars costs and disbursements to the respondent Weiss.