AMERICAN CITIES COMPANY, INC., Plaintiff, *v.* HARRY S. STEVENSON, Defendant.

Supreme Court, Special Term, New York County, March 22, 1946.

*Harold L. Allen* and *I. Bregoff* for plaintiff.

*Harold R. Medina* and *James J. Regan* for defendant.

NULL, J. The plaintiff has applied for an order directing the filing with the clerk of Westchester County, *nunc pro tunc,* of a confession of judgment executed by the defendant which was filed with the clerk of New York County on September 16, 1926.

The defendant has appeared specially to challenge the jurisdiction of the court but it has been stipulated that he may also oppose the motion on the merits without waiving the legal effect of his special appearance.

These motions have their origin in an action which the plaintiff had instituted against the defendant in this court in 1925. The action was settled and subsequently discontinued. In conformity with the terms of settlement, on September 1, 1925, the defendant executed a statement confessing judgment in favor of the plaintiff in the sum of $140,000. On September 16, 1926, this statement was filed with the clerk of New York County who entered judgment for the sum confessed together with costs and disbursements.

The entry of judgments by confession is governed by the Civil Practice Act, sections 540 to 545, inclusive. Section 541

provides that the defendant shall make, sign and verify a statement setting forth the pertinent facts relating to the indebtedness or liability and authorizing the entry of judgment for the sum confessed. Section 543 prescribes the time and place of filing of the statement and directs the manner in which the county clerk shall enter judgment upon such statement. So much of the latter section which is pertinent to the questions raised by these motions reads as follows: " At any time within three years after the statement is verified, it may be filed with the county clerk of the county of which the defendant was a resident at the time of making such statement."

It is alleged by the plaintiff that after the entry of this judgment, it had no further contact with the defendant until the end of 1945. Some action on behalf of the defendant was attempted in the middle of 1943 to expunge the judgment but the effort proved abortive and was withdrawn. In the fall of 1945, a suit based on the judgment was instituted in the Supreme Court of New Jersey where the defendant then resided. At the trial, it was established that on September 1, 1925, the date when the defendant made and signed the statement of confession, he was a resident of Westchester County and not of New York County, where the statement was filed and the confessed judgment entered against him. The New Jersey court thereupon directed a verdict in favor of the defendant on the ground that the judgment entered in New York County was invalid.

It is apparent that the purpose of this application is to transfer the judgment from New York County to Westchester County, presumably, to overcome the legal effect of the determination of the New Jersey court. Consequently, it must be accepted, for that is the sense of the motion, that at the time of the execution of the statement by which the judgment was confessed, the defendant was in fact a resident of Westchester County. It is upon that premise that the plaintiff urges that the relief which it seeks is in the nature of an amendment or correction of a defect which the court may allow pursuant to article 9 of the Civil Practice Act. It is equally clear, however, that the asserted defect does not relate to any irregularity in the statement of confession or in the instrument of judgment. The mistake to which the motion is addressed is as to the filing alone. In that connection, it is contended that the erroneous filing in New York County was induced, principally, by the misrepresentation of the defendant's then attorney. It is unnecessary, however, to pass upon that phase of the question. There are other circumstances which indicate that there was a reasonable basis for the belief that the defendant was a resident of New

York County at the time. On the record before me, I should not be disinclined to regard the failure to file in Westchester County as an excusable inadvertence.

Nevertheless, the issue is whether, in view of the provisions of section 543 of the Civil Practice Act, the omission of the plaintiff, however excusable, is merely an irregularity which the court is empowered to correct or a defect which is so fundamental as to be jurisdictional.

The court has inherent power, a power confirmed by statute (Civ. Prac. Act, art. 9) to correct and amend its judgments to reflect the actual facts. It may not, however, under the guise of rectifying omissions, revive or reinstate judgments which are invalid for lack of jurisdiction (*Glaser* v. *Brand,* N. Y. L. J., Oct. 8, 1937, p. 1061, col. 5, on reargument N. Y. L. J., Oct. 28, 1937, p. 1389, col. 5, affd. 253 App. Div. 711, motion for leave to appeal to Court of Appeals denied, 253 App. Div. 797, motion for leave to appeal denied, 277 N. Y. 737; *Ainsworth* v. *Ainsworth,* 239 App. Div. 258; *Conklin* v. *Federal Trust Co.,* 176 App. Div. 572).

A confessed judgment is predicated upon the assent of the parties. It is created by private agreement without the intervention of the normal processes of litigation. If such a judgment is to be invested with the attributes of a judgment in an action and be enforcible as such, it must be entered in accordance with the provisions of section 543 of the Civil Practice Act. These provisions require that the statement prescribed by section 541 of the Civil Practice Act be filed within three years of its verification with the clerk of the county in which the defendant resided at the time the statement was made.

The right to the entry of the statement of confession, to have it recorded as a judgment of this court, is derived from the statute; it is dependent upon strict compliance with the pertinent statutory requirements. The time fixed for the filing of such statement is a limitation upon that right and is inherently integrated with it. The time having expired, the right itself becomes extinguished (*Glaser* v. *Brand,* 253 App. Div. 711, *supra*; *Williams* v. *Mittlemann,* 259 App. Div. 697; *Matter of Tonkonogoff,* 177 Misc. 1015).

The plaintiff has cited the case of *Williams* v. *Mittlemann* (*supra*) as authority for the holding that only a judgment creditor may attack the validity of this judgment; that the defendant, as the author of the confession upon which the judgment was entered, is precluded from attacking it. Undoubtedly, the defendant could not be heard to question the judgment if it

were voidable as distinguished from void. I am of the opinion, however, that a challenge addressed to the jurisdiction of the court to render judgment may be advanced at any time by any party (*Goldberg* v. *Levine,* 199 App. Div. 292). In *Davidson* v. *Ream* (178 App. Div. 362, 364), the court declared "Wherever there is want of authority to hear and determine the subject-matter of the controversy an adjudication upon the merits is a nullity and does not estop even an assenting party. (*Matter of Walker,* 136 N. Y. 20, 29, and authority there cited; *Risley* v. *Phenix Bank of City of New York,* 83 id. 318, 337; *O'Donoghue* v. *Boies,* 159 id. 87, 98, 99, and authorities cited.)" There is no need, however, to determine this question here. It is the plaintiff that must demonstrate the power of the court to afford it the relief which it seeks.

To grant the motion would result in a direction to the clerk of Westchester County to enter in 1946 a judgment against the defendant upon the statement of confession which he made in 1925. Such a direction would be unauthorized. The failure to file the statement with the county clerk of Westchester County within the time limited by the statute is a jurisdictional defect which the court is without power to correct by an amendment *nunc pro tunc* (*Glaser* v. *Brand,* 253 App. Div. 711, *supra*; *Conklin* v. *Federal Trust Co.,* 176 App. Div. 572, *supra*).

Having reached this conclusion, it is unnecessary to pass upon the questions raised by the defendant on his special appearance. The plaintiff's motion is denied.