CLIFFORD STEWARD et al., Appellants, *v.* MONROE I. KATCHER, II, Respondent, et al., Defendants.

First Department, December 8, 1953.

*Mortimer G. Levine* for appellants.

*Darwin W. Telesford* of counsel *(Monroe I. Katcher, II,* in person, with him on the brief), for Monroe I. Katcher, II, respondent.

BOTEIN, J. This is an action to set aside and cancel of record three separate confessions of judgment on the ground that the confessions and the judgments entered thereon were procured by defendants' fraud. Plaintiffs moved for judgment on the pleadings, asserting that defendant Katcher's answer made the jurisdictionally fatal admission that the confessions were filed in a county other than the one specified in section 543 of the Civil Practice Act; and they appeal from the order of Special Term denying their motion.

This appeal poses the question as to whether a judgment entered upon a confession of judgment filed in a county other than the one in which the defendant resides is so jurisdictionally and fatally defective that it is a nullity; or whether it is voidable so that as between themselves, and if creditors' rights do not intervene, the parties may waive the filing requirements of section 543.

Section 543 of the Civil Practice Act in providing for the filing of confessions of judgment, reads in part: " 1. At any time within three years after the statement [confession of judgment] is verified, it may be filed with the county clerk of the county of which the defendant was a resident at the time of making such statement ". There is no doubt that the meaning of the word " may " in the above context is that the holder of such a confession may or may not file it, but that if he does he must file it in the appropriate county (*Williams* v. *Mittlemann,* 259 App. Div. 697).

The moving plaintiffs have alleged in their complaint that they are New York corporations maintaining their principal offices in Queens County. The first cause of action alleges in some detail that by fraudulent misrepresentations the defendant Katcher induced the plaintiffs to execute three confessions of judgment, that he filed them in the office of the Clerk of New York County and caused judgments to be entered against the plaintiffs. The plaintiffs' prayer for relief asks that the confessions be set aside and the judgments entered thereon be cancelled.

The defendant Katcher's answer admits the allegations placing the plaintiffs' principal offices in Queens County and fixing New York County as the place of filing the confessions. Upon

these admissions the plaintiffs move for judgment on the pleadings, arguing that the answer is insufficient at law because the confessions were filed in the wrong county and the judgments issued thereon are therefore jurisdictionally void.

In the statements containing the confessions the plaintiffs explicitly agreed that the judgments be filed in New York County. To prevail on this motion the plaintiffs must therefore establish that their purported consent to filing the confessions in New York County was ineffectual because it could not cure the jurisdictional defect. "Wherever there is a want of authority to hear and determine the subject-matter of the controversy, an adjudication upon the merits is a nullity and does not estop even an assenting party" (*Matter of Walker,* 136 N. Y. 20, 29).

We first look to the statute, because if the Legislature has plainly said that these judgments are void that expression is decisive of the issue presented here (*Caminetti* v. *United States,* 242 U. S. 470). Is there such a legislative mandate evident in section 543? A reading of the applicable portion of the section compels no such conclusion. At most it affords room for argument on both sides. In fact, in section 543 itself, the Legislature demonstrated that when it wishes to remove a question such as this from the arena of reasonable litigation it can use language to accomplish that purpose. In subdivision 2 of section 543, relating to the entry of judgment by confession on an installment purchase, the following sentence appears: "A judgment, if entered in violation of the provisions of this paragraph, shall be void and unenforceable." And when the Legislature desired to declare certain chattel mortgages "absolutely void" as against certain defined persons, it did so clearly and unequivocally in section 230 of the Lien Law. There is no warrant, without extrinsic justification, for reading into the nonspecific language of section 543 so drastic a penalty as nullifying a confession of judgment because it was filed in the wrong county.

So we must look to the purpose and history of section 543. "The courts are to give effect to the intention of the Legislature, and if the purpose of a statute can be discerned from its language in the light of the mischief to be remedied, such intent should not be thwarted due to verbal inadvertence." (*Matter of Barry Equity Corp.* [*Marcia Hat Co.*], 276 App. Div. 685. 689.)

Section 543 is derived from section 1275 of the Code of Civil Procedure, which until 1915 had provided that a statement "may be filed with *a* county clerk". (Emphasis supplied.) The

quoted portion, offering a wide latitude to file in any county, was then amended to read in its present language (L. 1915, ch. 639) ; and later was adopted without change as section 543 when the Civil Practice Act became effective.

The legislative regulation of methods of obtaining judgments by confession has always been directed toward the protection of creditors of the defendant (*Magalhaes* v. *Magalhaes,* 254 App. Div. 880). The many collusive judgments filed by complaisant friends of debtors anxious to shield their property from creditors gave impetus to the Code of Procedure requirements for the filing of confessions of judgment (see *Stebbins* v. *East Soc. of Methodist Episcopal Church,* 12 How. Prac. 410; *Neusbaum* v. *Keim,* 24 N. Y. 325, 327, 328, and 5 Carmody on New York Practice, § 1553, p. 3663). Undoubtedly this same legislative concern for creditors' rights prompted the 1915 change now reflected in section 543. Certainly a careful person contemplating shipping goods or making a loan might search the judgment records of the county in which the proposed debtor resides or does business; but he would never search the records in the other sixty-one counties of the State.

This is undeniably a salutary measure to discourage the defrauding of creditors. But is not its purpose substantially accomplished when the improperly filed judgment may be voided by such a creditor? Did the Legislature, to secure no material advantage for other creditors, intend to leave remediless a bona fide plaintiff who, through fraud of the defendant, filed a confession of judgment in the wrong county? This class of creditors also merits the consideration of Legislature and courts, certainly to no less an extent than the ordinary run of plaintiffs. Defendants often confess judgment because the plaintiff's claim is so irresistible that there is no ground for opposition. Curiously, in two of the few relevant cases cited by the parties the plaintiffs claimed, plausibly enough, that in one instance the confession was prepared by the defendant's attorney, who inserted the wrong county; and in the other that the erroneous filing was induced by the misrepresentation of the defendant's attorney (*Glaser* v. *Brand,* N. Y. L. J., June 11, 1937, p. 2947, col. 2; *American Cities Co.* v. *Stevenson,* 187 Misc. 107).

We cannot conclude, therefore, that the Legislature intended, inexorably and under all circumstances, to deprive such plaintiffs of the opportunity to enforce substantial rights because of procedural error, whether knowing or unknowing. To reach any

other construction would require a conclusion that the Legislature intended a pointless, prejudicial and unreasonable discrimination. "A bad result suggests a wrong construction, for the legislature is presumed to have intended to do justice, unless its language compels the opposite conclusion" (*People ex rel. Beaman* v. *Feitner,* 168 N. Y. 360, 366). If valid as to any person, the judgment is not an absolute nullity (*Teel* v. *Yost,* 128 N. Y. 387).

The plaintiffs-appellants rely on *Glaser* v. *Brand* (253 App. Div. 711 [1st Dept.]) and *Williams* v. *Mittlemann* (259 App. Div. 697, *supra* [2d Dept.]) in support of their assertion that the judgments are void. In *Glaser* v. *Brand* there was no appeal from the decision at Special Term, New York County, which held that it was necessary and mandatory to file the confession of judgment in Bronx County. This court affirmed an order entered at Special Term, Bronx County, denying a motion to amend and file the confession of judgment *nunc pro tunc* because the Statute of Limitations had run. The primary holding in *Williams* v. *Mittlemann* was to the effect that the confession filed in the wrong county was void as to a bona fide intervening judgment-creditor, whose judgment was not procured upon confession. We agree with that holding.

Of course, we are holding only that as matter of law the judgments are not void and that therefore the plaintiffs may not prevail upon their motion for judgment on the pleadings. And while ordinarily a debtor may not assert a claim of the invalidity of a confession of judgment given for a bona fide debt (*Neusbaum* v. *Keim,* 24 N. Y. 325, 328, *supra; Leahy* v. *Lachterman,* 265 App. Div. 995), the rule has no application to a case such as this, in which the plaintiffs allege that the confessions here in issue were not in fact given for any bona fide debts but were procured through defendants' fraud and deceit.

The order denying the motion for judgment on the pleadings should be affirmed.

Peck, P. J., Dore, Cohn and Callahan, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.