■ RELIANCE INSURANCE COMPANY, Respondent, v BETH M. BROWN, Also Known as BETH M. SEWELL, et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered January 25, 1977 in Albany County, which denied a motion by defendants for summary judgment dismissing the complaint. The defendant, Beth M. (Sewell) Brown, was an officer and a shareholder of John P. Sewell, Inc. (hereinafter Sewell). On September 16, 1968, Sewell entered into a contract with Blue Cross of Northeastern New York, Inc., for the construction of a headquarters building in Slingerlands, New York, and the plaintiff, Reliance Insurance Company (hereinafter Reliance), issued performance and labor and material payment bonds on Sewell's commitments. During 1969 Sewell encountered financial difficulties and called upon Reliance for monetary support to avoid default under the terms of its agreement with Blue Cross. After prolonged discussions and examinations of the books and operations of Sewell, a loan and security agreement was entered into on February 17, 1970 between Reliance, Sewell, John P. Sewell, Jr., and Beth M. Sewell encompassing the terms agreed upon during those discussions. Reliance agreed to advance up to $125,000 to Sewell while reserving the right to terminate such advances at any time. In return, Sewell agreed to execute (1) a "judgment note" in the amount of $125,000; (2) a "security interest" in the form of a "financing statement" on all present and future accounts receivable and equipment of

the corporation; and (3) a mortgage on all of its real estate. In addition, John P. Sewell, Jr., and Beth M. Sewell became personally liable under the following terms of the agreement: "20. As a further inducement for the Surety to render financial assistance to the Contractor, John P. Sewell, Jr. and Beth M. Sewell, his wife, hereby individually and jointly agree to execute concurrently with the execution of this Agreement a judgment note in the amount of $45,000 together with a mortgage on their, her or his real estate designated as Heldervale, Slingerlands, New York *as security for this obligation.* 21. The Surety agrees that in the event its financing loss on the Blue Cross project is $80,000.00 or less, the Surety's rights to satisfaction of this loss will be limited to the judgment note and assets of John P. Sewell, Inc., if however the loss to the Surety exceeds $80,000.00 then the Surety has the right to proceed against John P. Sewell, Inc. and/or John P. Sewell, Jr. and Beth M. Sewell, his wife using that collateral which is necessary for the satisfaction or reduction of the Surety loss to the extent available." (Emphasis supplied.) Instead of a "judgment note", the individual parties executed an "Affidavit for Judgment by Confession" (CPLR 3218) in favor of Reliance in the sum of $45,000, authorizing judgment to be entered against them in that amount, and Beth M. Sewell gave a mortgage to Reliance to "secure the payment of an indebtedness in the sum of $45,000 * * * according to a certain bond or obligation bearing even date herewith." This affidavit was never filed in the appropriate county clerk's office (CPLR 3218, subd [b]). The mortgaged property was the Sewell residence and Beth M. (Sewell) Brown was and still is the sole owner thereof. In order to complete the building project, Reliance advanced funds considerably in excess of the amounts originally contemplated and by September of 1975 claimed a loss in excess of $200,000. During the period between the execution of the agreement and the completion of construction John P. Sewell died. The instant action to foreclose the mortgage on the residential realty was commenced on February 17, 1975, and upon the denial of defendants' motion for summary judgment cancelling the mortgage of record, this appeal ensued. It is defendants' contention that the subject mortgage is invalid because the debt it was given to secure is a nullity. They argue that the failure to file the affidavit for judgment by confession within the three-year statutory period extinguished that debt and since, according to the terms of the agreement, the mortgage was executed to provide security for the affidavit for judgment, the mortgage cannot remain a valid and subsisting lien. While there is authority for the proposition that a judgment entered on the basis of an affidavit which has not been timely filed is void *(Williams v Mittlemann,* 259 App Div 697, mot for lv to app den 284 NY 822; *American Cities Co. v Stevenson,* 187 Misc 107), other competing legal principles must be considered. If the obligation secured by the mortgage exists aside from the affidavit for judgment by confession, the mortgage itself is not vitiated by any defects in or invalidity of that instrument (38 NY Jur, Mortgages and Deeds of Trust, § 59). Moreover, the covenant in the present mortgage to pay the indebtedness recited therein, even in the absence of another document manifesting that debt, is some evidence that such an obligation exists (see *Munoz v Wilson,* 111 NY 295; *Carrara v Carrara,* 29 Misc 2d 907; see, also, *Sullivan v Corn Exch. Bank,* 154 App Div 292; Real Property Law, § 254, subd 3). Viewing these principles in conjuction with paragraphs 20 and 21 of the loan and security agreement and the terms of the mortgage, we conclude that triable issues of fact exist as to whether there is a valid debt to support the instant mortgage. Defendants also contend that the mortgage is invalid for lack of consideration since

Reliance merely did what it was required to do under the terms of its performance and labor and material bonds. We find this argument unpersuasive because it is plain that Reliance was under no duty to loan Sewell substantial sums of money to keep it functioning so that it might pursue other profit making ventures and repay the loan. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.