OPINION OF THE COURT
Joan B. Lefkowitz, J.
CPLR 3218 (b) provides in pertinent part: “At any time within three years after the affidavit [of the defendant] is executed, it may be filed with the clerk of the county where the defendant stated in his affidavit that he resided when it was executed * * * Thereupon the clerk shall enter a judgment in the supreme court for the sum confessed.”
On March 12, 1997, plaintiff filed an affidavit of confession of judgment, as required, within the three-year period from its execution on February 4, 1997. By motion dated June 13, 2000, plaintiff moves for an order directing filing of a judgment pre *969 sented to the clerk about three months beyond the three-year period.
Professor Siegel has observed: “The time within which the affidavit may be filed and the confessed judgment entered is three years from the execution of the affidavit.” (Siegel, NY Prac § 301, at 464 [3d ed] [emphasis added].) Similarly, Professor Siegel in the Practice Commentaries to CPLR 3218 (McKinney’s Cons Laws of NY, Book 7B, CPLR C3218:13, at 766) notes that while entry of the judgment presented within the three-year period is automatic: “Local practice may differ as to who draws the judgment, but it would be wise for the judgment creditor, when he files the affidavit, to submit at the same time a draft of the judgment. If local practice entails the clerk drafting the judgment, this would of course be unnecessary.” In Westchester County, the County Clerk does not prepare confession of judgments.
The party seeking to enforce a confession of judgment must be in strict conformity with the statutory provisions. (10 Carmody-Wait 2d, NY Prac § 68:2.) Indeed, in a different context, the word “may” as it appeared in the predecessor statute (Civ Prac Act § 543) was construed as mandatory, i.e., shall or must, and a deviation from the statutory requirement of the proper place of filing was not allowed. (Williams v Mittlemann, 259 App Div 697 [2d Dept 1940], lv denied 260 App Div 811.)
The filing requirements of the statute have been held to be jurisdictional in nature. (Paragon Realty Corp. v Sagal, 188 Misc 122 [App Term, 1st Dept 1946]; American Cities Co. v Stevenson, 187 Misc 107 [Sup Ct, NY County 1946]; see, 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3218.04; 10 CarmodyWait 2d, NY Prac § 68:20; 73 NY Jur 2d, Judgments, § 107.) Whether the three-year period is viewed as a condition precedent or a Statute of Limitations makes no difference herein as no toll is applicable upon these facts and, of course, none apply to a condition precedent. (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375 [1999].) Furthermore, even if the time period was a Statute of Limitations, absent a toll or additional grace period (CPLR 205 [a]), the beneficial aspects of CPLR 2004 (extensions of time) do not apply. (CPLR 201.) Consequently, the motion is denied.