[Civil No. 293.   Filed January 16, 1892.]

[29 Pac. 386, *sub nom.* Shute, Sheriff, *et al. v.* Keyser.]

WILLIAM KEYSER, Plaintiff and Appellee, v. GEORGE E. SHUTE, Sheriff, et al., Defendants and Appellants.

1. APPEAL AND ERROR—APPEALS—HOW PERFECTED—REV. STATS. ARIZ. 1887, PAR. 849, CITED—ADDITIONAL TRANSCRIPT.—An appeal is perfected by giving notice of appeal in open court and by filing with the clerk of the court below an appeal bond or an affidavit in lieu thereof, within twenty days after the expiration of the term at which the judgment appealed from is rendered. Statute, *supra.* Where notice of appeal was duly given, but the original transcript failed to show the filing of an appeal bond, after motion to dismiss for failure to file such bond, appellants may file an additional and corrected transcript showing the proper bond was duly filed. The jurisdiction of this court vests upon the performance of the conditions required by statute, and the motion to dismiss will be denied.

2. SAME—ASSIGNMENTS OF ERROR—FUNDAMENTAL ERROR—REV. STATS. ARIZ. 1887, PAR. 937, CITED.—The rule that in the absence of an assignment of errors the judgment will be affirmed or the appeal dismissed applies only when the error is not fundamental. Where the error appears on the face of the record as a demurrer to the complaint, and goes to the right of the plaintiff to maintain the action, it must be considered though it be not assigned. Statute, *supra,* cited. *Gila R. I. Co.* v. *Wolfley, ante,* p. 176, 24 Pac. 257; *Putnam* v. *Putnam, ante,* p. 182, 24 Pac. 320, limited; *United States* v. *Tidball, post,* p. 384, 29 Pac. 385, cited.

3. INJUNCTIONS—PRACTICE—APPEALS—GOVERNED BY CODE CIVIL PROCEDURE—REV. STATS. ARIZ. 1887, PAR. 2144, CONSTRUED.—Paragraph 2144, *supra,* permits the supplying of any matter of practice or procedure in injunction suits, provisions for which have not been made by the code, and that in supplying such omissions the rules generally prevalent in courts of equity shall govern. The right to

appeal in injunction cases is given and regulated by the Code of Civil Procedure.

4. CORPORATIONS—FOREIGN—POWERS—PRESUMPTION.—In absence of proof to the contrary, it will be presumed that a foreign corporation has the same powers to sue and be sued, to appear and defend when sued, or suffer default and judgment thereby, as a domestic private corporation.

5. SAME—JUDGMENTS—POWER TO CONFESS—INCIDENT TO THE RIGHT TO SUE AND BE SUED.—A private corporation has the right to confess judgment.

6. SAME—INSOLVENT—PREFERENCES—CONFESSION OF JUDGMENT—WHO MAY COMPLAIN—VOIDABLE—COLLATERAL ATTACK.—Even though it be true that an insolvent corporation may not give a preference by confession of judgment or otherwise, only existing creditors can complain. Such preferential judgment is not void but voidable, and is not subject to collateral attack.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. William W. Porter, Judge. Affirmed.

The facts are stated in the opinion.

George R. Berry, for Appellants.

Anderson, Fitzgerald & Anderson, for Appellee.

KIBBEY, J.—This was a suit by the appellee against the appellant George E. Shute, sheriff of Gila County, and the other appellants, judgment-creditors of the Old Dominion Copper Mining Company, to enjoin them from a threatened sale of certain property under an execution against that company, being property alleged formerly to have been property of the company, but of which the appellee now alleges himself to be the owner. A motion has been made in this court to dismiss the appeal because (1) of a defect in the certificate of the clerk of the district court appended to the transcript, in that it omits to state that the transcript is a transcript of all the proceedings had in the cause in the court below: (2) the transcript does not contain a copy of the appeal-bond or affidavit in lieu thereof; (3) the transcript does not contain a copy from the fee-book of the costs accrued; and (4) the tran-

script does not show that the assignment of errors was ever filed in said cause.

An appeal to this court from the judgment of a district court is perfected by giving notice of appeal therefrom in open court, and by filing with the clerk of the district court an appeal-bond or affidavit in lieu thereof within twenty days after the expiration of the term at which the judgment appealed from was rendered. Rev. Stats. Ariz. 1887, sec. 849.

It appears from the transcript originally filed here, omitting notice of some irregularities relative thereto, which we deem to have been waived by the stipulation of the parties, that notice of appeal was given. The original transcript omits, however, any mention of the filing of an appeal-bond, or affidavit in lieu thereof; but there appears, in the certificate of the clerk of the district court whence this appeal comes, the statement that an undertaking on appeal, in due form and time, had been filed, and was on file in his office with the papers in the cause. Appellants, after the motion to dismiss had been made, offered to file an additional transcript, (made by the clerk of the district court,) which was duly certified, from which it appeared that an appeal-bond had been filed within the time and in the form prescribed. The jurisdiction of this court having vested upon the concurrence of the two acts of giving notice of appeal and the filing of a bond as required, the appellants were allowed to file the additional transcript. The additional transcript also includes the statement of costs which had been omitted from the original transcript. Ordinarily, in the absence of an assignment of errors, this court is justified in either affirming the judgment below or dismissing the appeal. *Gila R. I. Co.* v. *Wolfley, ante,* p. 176, 24 Pac. 257; *Putnam* v. *Putnam, ante,* p. 182, 24 Pac. 320; *United States* v. *Tidball, post,* p. 384, 29 Pac. 385, (at this term). But this is so only when the error is not fundamental. If the error be one appearing on the face of the record, and goes directly to the foundation of the right of the plaintiff to maintain his action at all, then we cannot avoid considering it, even though it be not assigned. See section 937, Rev. Stats. Ariz. 1887. *United States* v. *Tidball,* (at this term). To this extent we limit the rule laid down in *Putnam* v. *Putnam.* The motion to dismiss the appeal is overruled.

There was a judgment in the court below,—a judgment perpetually enjoining the appellants from selling the property in dispute under the executions described in the complaint. There is in the record neither a statement of facts, a bill of exceptions, nor a motion for a new trial. There are several alleged errors argued by appellants, all of them relating to rulings of the court below made during the progress of the trial of the case. It is objected here that we cannot consider these errors, because they do not properly appear of record. Appellants very strenuously urge, however, that our code does not require, in cases where the relief sought is merely injunctive, that errors occurring at the trial shall be incorporated into the record in the manner prescribed in the Code of Civil Procedure, and cite section 2144 of the Revised Statutes of 1887. Section 2144 is: "The principles, practice, and procedure governing courts of equity shall govern proceedings in injunctions, when the same are not in conflict with the provisions of this act or other law." Upon this appellants argue that the practice and procedure, even upon appeal and in the manner of perfecting it, are "governed by the rules of practice of the federal courts of the United States and the high court of chancery of England." We cannot concur in that view. Section 2144 simply permits the supplying of any matter of practice or procedure in injunction suits, provisions for which have not been made by our code, and that in supplying such omissions we shall be governed by the principles, practice, and procedure generally prevalent in courts of equity in such cases. Our code has prescribed the practice and procedure in all cases of appeal from the district courts to this court. It was not intended to prescribe a different practice upon appeal in injunction cases. Title 35, "Injunctions," of which section 2144 is a part, is a separate act within itself, distinct from the General Civil Code of Procedure. In it there is no provision at all for appeal. The right to appeal in injunction cases is given by the provisions of the Civil Code of Procedure, and, of course, we think, governed and regulated by it. If not, we are at a loss to know to what courts of equity we should look for our rules of practice in matters of appeal in injunction cases. We see no reason for preferring the practice prevailing in the federal courts to

those of any of the several states where there are courts of chancery.     Besides, the federal courts are not "courts of equity," any more than are the courts of our territory.   There being no statement of facts and no bill of exceptions, the only record presented for our consideration is the judgment-roll.

The defendants demurred to the complaint.   The demurrer was overruled.   If this be error, it is one fundamental and apparent upon the record, and need not here be assigned.   As a matter of fact, it is not assigned.   It is alleged in the complaint that the appellant Shute is the sheriff of Gila County; that the other appellants are residents of New York and are copartners; that the Old Dominion Copper Mining Company is a corporation organized under the laws of the state of New York, and has heretofore been carrying on business in Arizona; that on and prior to the 23d of February, 1884, the Old Dominion Copper Mining Company was the owner of certain mining property, a description of which is set out in the complaint; that on that day a judgment was duly entered in the district court of the second judicial district of the territory of Arizona, in and for Gila County, against the said Old Dominion Copper Mining Company, in favor of George Pope and others (among whom was the plaintiff in this case) for the sum of $277,378.27, and interest from January 31, 1884, and ten dollars costs; that said judgment was by confession; that on the twenty-sixth day of January, 1886, an execution upon said judgment was issued to and placed in the hands of the sheriff of Gila County, commanding him to cause to be made the moneys in said writ specified off of the lands, hereditaments, and real property (if sufficient personal property could not be found) belonging to said judgment debtor, the Old Dominion Copper Mining Company, on the twenty-third day of February, 1884, or at any time thereafter; that, there not being sufficient personal property of said debtor, the execution was levied on all the right, title, and interest of said judgment debtor in and to the property described in the complaint, as the property of the judgment debtor; and that the same was duly sold under and by virtue of said execution and levy by said sheriff (together with other real estate of said debtor) to plaintiff on the twentieth day of February, 1886, for one hundred and thirty thousand dollars lawful money of

the United States, and certificate of sale was duly issued therefor; that after the time for redemption had expired, to wit, on the 21st of August, 1886, a deed was duly executed by said sheriff to plaintiff for the real estate so sold by him to the plaintiff; that, by virtue of said levy, sale, and deed, plaintiff became vested with all the right, title, and interest in said real estate, and on the 21st of August, 1886, entered into and has since remained in possession thereof, claiming the fee-simple title thereto under said levy, sale, and deed; that on the 30th of November, 1887, three judgments were rendered in said district court in and for the county of Cochise, in favor of the appellants, other than Shute, against the Old Dominion Copper Mining Company, for sums aggregating $23,822.69; that executions were issued on said judgments on the 16th of January, 1888, and have been placed in the hands of the appellant Shute, sheriff of Gila County, and that the said sheriff, not regarding the rights of plaintiff, has levied the same on said property, and has advertised the same for sale on the 6th of March, 1888, and will, unless restrained, so sell the same, etc.

Appellants discuss several questions in their very full and able brief. They claim that a corporation has not the power to confess a judgment, and that they had acquired a prior lien on the property in question by virtue of the levy of certain writs of attachment. The second proposition, because of defects in the record is not properly presented for our consideration. Appellants very earnestly contend that a corporation has no power to confess a valid judgment; that, therefore, the pretended judgment against the Old Dominion Copper Mining Company is void, and plaintiff's title thereunder, and consequently his cause of action in this case must fail. Counsel do not cite us a case wherein the power of a corporation to confess a judgment is denied. We do not know, and are not informed by the record, what were the powers of the Old Dominion Copper Mining Company. It was a corporation organized under the laws of the state of New York, whether by special charter or under general incorporation laws does not appear. That it is a private corporation fairly appears, for it is hardly conceivable that a public corporation, organized under the laws of New York, should be engaged in business in Arizona. It is admitted by the demurrer that it was

engaged in transacting business in Arizona, necessarily, then, entering into contracts. A domestic private corporation has the power to sue, is liable to be sued, and may appear in court and defend when it is sued; may, we suppose, of course suffer default and judgment; and we see no reason, in absence of proof to the contrary, to presume that the same attributes do not attach to a foreign private corporation. There are attributes so universally incident to private corporations in modern times that it would be totally at variance with the probabilities to presume otherwise. Indeed, it is said by the text-writers that it is necessarily implied that a corporation, from the mere fact of its incorporation, may sue and be sued. Field on Corporations, sec. 360; Morawetz on Private Corporations, sec. 356. Incident to the right to sue, and the liability to be sued, we think is unquestionably the right to confess judgment. In no case to which our attention has been called has the power of a corporation to confess judgment been doubted or called in question. In *Stebbins* v. *Society*, 12 How. Pr. 410, a case cited by appellant, a doubt of such power was not suggested. Black, in his recent work on Judgments, discusses the power of agents of a corporation to confess a judgment, but does not even intimate that to confess a judgment is *ultra vires* of a corporation. Indeed, while he does not in terms assert that power to exist, yet the inference is necessary from his statement that the corporation is bound by a confession of a judgment by its officer upon whom summons might have been served in a contested action. 1 Black on Judgments, sec. 59; and see Freeman on Judgments, sec. 545. Morawetz lays down the broad rule that the managing agents of a corporation have authority to confess judgment whenever they deem it to be to the interest of the corporation. Morawetz on Private Corporations, sec. 430. In *Miller* v. *Bank*, 2 Or. 291, wherein a judgment by confession against a corporation was under discussion, the question was whether the president had *virtute officii* the power to confess for his principal; that the confession was *ultra vires* the corporation was not even suggested. In *McMurray* v. *Manufacturing Co.*, 33 Mo. 377, the questions were as to the power, *virtute officii*, of the president of a corporation to confess judgment; the sufficiency of the statutory statement required to accompany

such confession, and the power of the corporation to create a
lien by such a judgment, the statute prohibiting it from mort-
gaging their property or giving any lien thereon. In *Joliet
etc. Co.* v. *Ingall,* 23 Ill. App. 45, a judgment against a cor-
poration by confession was under consideration. The question
whether the corporation had the power to confess a judgment
was not suggested. The matter considered was the authority
of the particular officer who did confess the judgment to do
so. And so in *Stokes* v. *Pottery Co.,* 46 N. J. L. 237; *Thew*
v. *Manufacturing Co.,* 5 S. C. 415; *White* v. *Crow,* 17 Fed.
Rep. 98. And in all these cases there was a direct attack upon
the judgment, and not a collateral one, as in this case. We do
not entertain a doubt of the general right of a private cor-
poration to confess a judgment.

Appellants further urge that an insolvent corporation can-
not give a preference to any of its creditors, either by way of
a confession of judgment or otherwise. This question will
not avail appellants in this case, and does not require dis-
cussion. If it could be inferred from the allegations of the
complaint that the Old Dominion Copper Mining Company
was insolvent at the time of the confession of the judgment in
question, and we do not say that such inference is warranted,
yet it appears that appellants were not creditors until more
than three years afterwards. It would be only their existing
creditors who could complain of the confession of a judgment
by their debtor, and, moreover, then, if the proposition were
true that an insolvent corporation cannot confess judgment
whereby a preference is given to one of its creditors, this ren-
ders the judgment only voidable, and it is not subject to col-
lateral attack. The demurrer was properly overruled, and
we find no error apparent on the face of the record. The judg-
ment will therefore be affirmed.

Gooding C. J., and Sloan, J., concurring.