215 P.2d 909

**HAINING LUMBER CO. et al. v. OCTAVIUS LEON, Inc.**

No. 5118.

Supreme Court of Arizona.

March 13, 1950.

Byrne & Byrne, of Prescott, attorneys for appellants.

J. Andrew West, of Prescott, attorney for appellee.

PHELPS, Justice.

The facts in this case are that in June, 1947, the Haining Lumber Company, a corporation, hereinafter called defendant, sold and shipped a carload of lumber, shippers' order notify to Tri Boro Mill Works, a New York corporation located in New York, and drew a draft on a Mr. M. Stettner, president of the company for the purchase price thereof. Early in July Mr. Stettner arranged with Octavius Leon, Inc., hereafter called plaintiff, to take the car of lumber and assigned the bill of lading to plaintiff who paid the draft in full to the defendant.

At the time of the arrangement with plaintiff to take the lumber in question Stettner called Mr. Crain, president of defendant company at Prescott and advised him of the transaction with plaintiff and procured from Mr. Crain permission for plaintiff to inspect the lumber which plaintiff did, but did not, and actually could not, at that time check the same as to quantity.

Upon the arrival of the car at Yonkers, New York, where plaintiff's business is located, plaintiff proceeded to unload the lumber, and found a shortage of over 9000 board feet of 2-inch lumber consisting almost exclusively of 2 x 12 boards. The shortage thus discovered based on the purchase price thereof had a value of $881.08. Plaintiff notified defendant of the shortage and demanded a reimbursement of the above amount. After considerable correspondence between defendant and plaintiff and its agents and representatives, the demand was finally rejected. Plaintiff filed suit in the Superior Court of Yavapai County against defendants for the recovery of the amount of the claim. The cause was tried to the court without a jury and judgment entered for the plaintiff and against the Haining Lumber Company, Harold E. Crain, Proprietor, and Harold E. Crain, for the full amount of the claim and for costs. From this judgment defendant appeals to this court and assigns the following error:

"1. That there was no evidence adduced in the trial of the cause, oral or documentary, showing any warranty of quantity of lumber, made by defendants to plaintiff, nor * * * any facts proven which under any doctrine of law, could create a liability against defendants and in favor of plaintiff."

Chapter 52, article 5, A.C.A.1939, commonly referred to as The Uniform Sales Act sets forth a number of implied warranties incident to the sale of personal property but the only one with which we are concerned in this case is section 52-514 thereof which reads as follows: *"Implied warranties in sale by description.*—In a contract to sell or of sale of goods by description, there is an implied warranty that the goods shall correspond with the description, and if the contract or sale be by sample, as well as by description, it is not sufficient that the bulk of the goods corresponds with the sample if the goods do not also correspond with the description."

In the invoice accompanying the bill of lading and draft the lumber involved in this case was described according to board dimensions. The evidence shows that there was invoiced to the purchaser 18,610 linear feet of 2 x 12-inch boards and the check at destination showed only 12,239 linear feet of that dimension. The invoice also showed 8,126 linear feet of 2 x 4's while the check at destination showed 12,899 linear feet. This appears to satisfactorily account for the shortage in board feet as claimed by plaintiff.

We think it clear that under the above quoted statute defendant impliedly warranted that the lumber shipped contained at least 18,610 linear feet of 2 x 12-inch boards. A description of lumber shipped as oak, pine or mahogany would be wholly inadequate to advise the purchaser of the size of lumber he was purchasing but when it is described as pine 2 x 4's, 4 x 4's, 2 x 12's or 1 x 10's having lengths of 8, 10, 12 or 14 feet, as the case may be, together with the number of pieces of each, such description constitutes a complete identification of the kind and quantity of lumber purchased. Without such a description there could never be a meeting of the minds either as to the kind, size or quantity of lumber involved in the transaction.

Therefore we hold that the defendant is responsible to plaintiff for the market value of the shortage in the lumber shipped unless as claimed by defendant, plaintiff's sole remedy is against its assignor, the Tri Boro Mill Works, a corporation.

We are not in accord with defendant's view on this point. Section 52-705, A.C.A. 1939, relating to bills of lading provides that: "A bill in which it is stated that the goods are consigned or destined to *the order of* any person named in such bill, is a negotiable or order bill;" (Emphasis supplied).

What are the attributes of negotiable contracts such as the bill of lading here involved? The answer is: (1) A negotiable contract is capable of transfer by endorsement or delivery. (2) It gives to the person to whom it is transferred the right to maintain an action thereon in his own name. Hugh Shaw et al. v. Merchants' National Bank of St. Louis, 101 U.S. 557, 25 L.Ed. 892.

Originally at common law no contract was transferable so as to give the assignee

the right to enforce it by suit in his own name.

Negotiability arose from necessity out of the law merchant, a code or system established by usage and custom applicable among merchants and bankers, and is now recognized throughout the world. By the adoption of the law merchant, bills of exchange and later promissory notes were made exceptions to the general rule at common law and became negotiable by endorsement or delivery. Hugh Shaw et al. v. Merchants National Bank of St. Louis, supra. During the latter half of the 19th century many states of the Union adopted laws making bills of lading consigned to the order of any person negotiable contracts, thus giving to such contracts the attributes of negotiability above pointed out.

It would serve no useful purpose to distinguish between rights and obligations of holders of bills of exchange and promissory notes on the one hand and holders of negotiable bills of lading on the other. It is enough to point out that the former are the representatives of money and circulate as such while negotiable bills of lading are representatives of personal property with a much more limited function than bills of exchange or promissory notes. Insofar, however, as material to the determination of this case they are alike, in that the holder of either may maintain an action in his own name to enforce the contract against the original maker.

We therefore hold that the plaintiff has the right to maintain this action against the defendant, the Haining Lumber Company, a corporation. We are at a loss, though, to understand upon what theory it is sought to be maintained against the defendant Harold E. Crain, proprietor, and Harold E. Crain. So far as the record indicates the Haining Lumber Company, a corporation, was the seller and shipper of the lumber. We do not have the advantage of having before us all of the evidence adduced at the trial as the case was not stenographically reported. In the absence thereof we must presume that it fully supported the judgment rendered by the court. But even if it were before us it is apparent that under the pleadings the relief granted must be limited to a judgment against the defendant corporation. The documentary evidence, including depositions of plaintiff's employees, adduced at the trial by plaintiff is amply sufficient to support its judgment against the corporation. If the evidence adduced by defendant was considered material to a determination of the issues in the case, it was not only the right of defendant but it was its duty to have such evidence presented to this court as a part of the record of the case. Sections 21-1819, 21-1820, and 21-1821, A.C.A.1939. Its failure to do so cannot form the basis of error of which defendant may complain.

It is ordered that the judgment against the Haining Lumber Company, a corpora-

tion, be affirmed, and reversed as to the defendant Harold E. Crain, proprietor, and Harold E. Crain, individually. Costs are to be assessed against defendant corporation.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.