313 P.2d 410

**GOLDWATERS, Incorporated, a corporation, Appellant,**

v.

**Alyce MEDAR and Sam Medar, her husband, Appellees.**

No. 6195.

Supreme Court of Arizona.
July 2, 1957.

Snell & Wilmer, Phoenix, for appellant.
Laney & Laney, Phoenix, for appellees.

WINDES, Justice.

Suit by Alyce Medar against Goldwaters, Incorporated, for personal injuries claimed to have been caused by the effects of chemicals alleged to have been negligent-

ly applied by the agent of defendant in treating plaintiff's hair in a beauty salon operated by defendant. From verdict and judgment for the plaintiff and the denial of defendant's motion for judgment n.o.v. or in the alternative for a new trial, defendant appeals and presents six· assignments of error. The entire argument in defendant's brief is addressed to only one assignment and under the authority of Stallcup v. Coscarart, 79 Ariz. 42, 282 P.2d 791, the others will be considered abandoned.

The assignment argued presents the question whether the evidence justifies a finding that any product was applied to plaintiff's hair of which the defendant was charged with knowledge of potentially harmful effects. When we state the existence of facts we refer to such facts as are undisputed or for which there is evidence in support.

■ The dispute revolves around the question of whether a product known as "Miss Clairol" which contained a toxic ingredient was applied by the defendant. This product should not be applied without first administering a "patch test" to determine there will be no damaging reaction. Such test was not done in this instance. The defendant contends that the product applied was one known as "Lady Clairol Whipped Creme" and the jury could not legally find otherwise. The assignment of error argued states that defendant had no knowledge of any potentially harmful ef-

fects of "Lady Clairol Whipped Creme" and would not be liable for an unforeseeable allergic response. Tests demonstrated plaintiff had no allergic response to "Lady Clairol Whipped Creme". Consequently, the jury ·was fully justified in eliminating this as a cause.

The defendant contends that if the jury be allowed to find "Miss Clairol" was used, it would violate the rule as announced in New York Life Insurance Co. v. McNeely, 52 Ariz. 181, 79 P.2d 948, that an ultimate fact cannot be inferred from another inferred fact. It is conceded by the defendant that from the testimony of medical witnesses, it could be inferred that some toxic substance was applied. There is ample evidence that whatever was applied was the proximate cause of plaintiff's ailment. Thus, the jury could find, without resort to an inference upon an inference, that some poisonous substance was applied which resulted in the injury.

The plaintiff in an effort to convince the jury that "Miss Clairol" was the evil cause submitted evidence to the effect that plaintiff advised the operator she desired the color of her hair changed; that "Miss Clairol" can be used to bleach or lighten as well as to tint; that "Lady Clairol Whipped Creme" is used as a bleach; that both may be used when bleach and tint is desired; that "Miss Clairol" was on the shelf available for use; that something ran into plain-

tiff's ears and eyes; that "Lady Clairol Whipped Creme" is a paste and not likely to run, whereas "Miss Clairol" is a liquid that will run. The record card prepared by the operator who performed the service states "bleach" under the heading "Work", and under the heading of "No. of Dye" it states "Miss Clairol Whipped Creme". This document also states "Patron very pleased with bleach and color". From these circumstances and this evidence the jury was entitled to infer the ultimate fact that "Miss Clairol" was applied without seeking the aid of any other inference to establish such fact.

▮ The evidence indicates that "Lady Clairol Whipped Creme" and the other products which defendant contends were applied normally contain no toxic ingredient. Defendant suggests that if there was a toxin in these products it was by accident and hence the defendant had no notice thereof and could not be held liable. To relieve it of liability an attempt is made to invoke the rule that where the evidence shows an injury may have resulted from one of several causes only one of which may be attributable to defendant's negligence, the plaintiff must fail. The correct rule is that where there is more than one cause of equal probability, only one of which is attributable to defendant, the plaintiff has not proven his case. Salt River Valley Water Users' Ass'n v. Blake, 53 Ariz. 498, 90 P.2d 1004, 1007. In that case we said:

"We have repeatedly held that juries may not return verdicts on surmise or speculation, and that when damage may have resulted from one of several causes, and that it is as probable that it may have been a cause for which defendant was not responsible as one for which it was, a plaintiff may not recover."

Applying this rule, the jury was entitled to conclude that it was more probable that plaintiff's injury was caused by the use of "Miss Clairol" which admittedly contained a toxin than by the use of a product normally free of such substance. To attribute it to the latter, dependence would have to be placed upon the happening of an unlikely accident.

The judgment is affirmed.

UDALL, C. J., and PHELPS, STRUCKMEYER and LA PRADE, JJ., concur.