568 P.2d 1076

Jack Linwood VAN LOAN, Appellant,

v.

Verna Evelyn VAN LOAN, Appellee.

2 CA–CIV 2174.

Court of Appeals of Arizona, Division 2.

Jan. 20, 1977.

Rehearing Denied March 29, 1977.

Review Granted April 19, 1977.

Stompoly & Even, P. C. by John G. Stompoly, Tucson, for appellant.

Whitehill, Berger, Karp & West, P. C. by David D. West, Tucson, for appellee.

OPINION

HOWARD, Chief Judge.

Does the community estate have a property interest, subject to division upon divorce, in the pension due one of the spouses prior to the time that spouse is eligible to receive the pension? That is the main issue to be decided here.

The record shows that the parties were married on March 9, 1957. At that time appellant was a member of the United States Air Force. When the marriage was dissolved on February 27, 1974, appellant had been in the service for nineteen years and five months. Before a member of the armed forces can receive retirement benefits he must serve a minimum of twenty years.

A property settlement was entered into by the parties and incorporated by reference into the divorce decree. Neither the property settlement agreement nor the judgment mentioned military retirement benefits.

On July 1, 1975, appellee petitioned the trial court for modification of the divorce decree to award her a share of appellant's military retirement benefits. She also petitioned for an order to hold appellant in contempt for failure to pay certain amounts of spousal maintenance which she alleged he owed under the decree.

The trial court modified the decree by awarding appellee an interest in the retirement pay in an amount equal to one half of the fraction 17 over the number of years served by appellant in the armed forces if,

and when, received by him.[1] The court also ordered spousal maintenance payments terminated effective September 1975.

Paragraph 18 of the property settlement agreement provides that any property acquired after the divorce shall be the separate property of the parties so acquiring it. Appellant contends that since the parties had no vested right in the military retirement benefits prior the lapse of twenty years, by virtue of paragraph 18 appellee has no interest in the benefits. We do not agree.

There are two views on this subject. *Lumpkins v. Lumpkins*, 519 S.W.2d 491 (Tex.Civ.App.1975) represents the view that pension rights are not divisible by the court upon divorce unless they are "vested", the term "vested" meaning that it survives discharge or voluntary termination of employment. Thus in Texas such a pension is a mere expectancy and not subject to division upon dissolution of the marriage. The states of California and Washington have held to the contrary. *In re Marriage of Brown*, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976); *DeRevere v. DeRevere*, 5 Wash.App. 741, 491 P.2d 249 (1971).

The key in determining if the pension is subject to division is whether there exists at the time of dissolution a property interest or right which has been purchased with community funds or labor. There can be no doubt that in Arizona a pension is a mode of employee compensation for services performed. *Everson v. Everson*, 24 Ariz. App. 239, 537 P.2d 624 (1975). An employee's right to receive retirement benefits is a contractual right derived from the terms of his employment contract and cannot be unilaterally modified. *Yeazell v. Copins*, 98 Ariz. 109, 402 P.2d 541 (1965). We reject the characterization of this pension as an "expectancy". As stated in *In re Marriage of Brown*, supra:

"The term expectancy describes the interest of a person who merely foresees that he might receive a future beneficence,

such as the interest of an heir apparent [citations omitted], or of a beneficiary designated by a living insured who has a right to change the beneficiary [citations omitted]. As these examples demonstrate, the defining characteristic of an expectancy is that its holder has no *enforceable right* to his beneficence." (Emphasis in original) 126 Cal.Rptr. at 637, 544 P.2d at 565.

We hold that an employee's right to retirement benefits is a contractual right, subject to a contingency and is a form of property.

A contrary holding would produce inequitable and whimsical results. This was recognized by the California Court in *In re Marriage of Brown*, supra, which overruled previous California authority. The Court states:

". . . This mischaracterization of pension rights has, and unless overturned, will continue to result in inequitable division of community assets. Over the past decades, pension benefits have become an increasingly significant part of the consideration earned by the employee for his services. As the date of vesting and retirement approaches, the value of the pension right grows until it often represents the most important asset of the marital community. [citation omitted] A division of community property which awards one spouse the entire value of this asset, without any offsetting award to the other spouse, does not represent that equal division of community property contemplated by Civil Code section 4800." 126 Cal.Rptr. at 638, 544 P.2d at 567.

We agree with the California Court. The husband's pension rights, a contingent interest, whether vested or not, constitute a property interest of the community in which the wife may properly share.

The order of the superior court terminated spousal maintenance payments as of September 1975. The property settlement agreement entered into by the parties pro-

---

1. No issue has been raised as to the use of this formula and we express no opinion as to its correctness.

vided that spousal maintenance to appellee automatically terminated when her take-home pay, exclusive of taxes, exceeded the sum of $450 per month. Since there is no reporter's transcript it must be presumed that there was adequate evidence to support the decision of the trial court. *Haining Lumber Company v. Octavius Leon, Inc.*, 70 Ariz. 31, 215 P.2d 909 (1950).

Affirmed.

HATHAWAY and WREN, JJ., concur.