569 P.2d 214

**Jack Linwood VAN LOAN, Appellant,**

v.

**Verna Evelyn VAN LOAN, Appellee.**

No. 13129–PR.

Supreme Court of Arizona,
En Banc.

July 22, 1977.

Stompoly & Even by John G. Stompoly, Slutes, Zlaket, Sakrison & Wasley by James M. Sakrison, Tucson, for appellant.

Whitehill, Berger, Karp & West, P.C. by David D. West, Tucson, for appellee.

HAYS, Justice.

The primary question we are asked to decide in this case is whether the community of Jack and Verna Van Loan had a "property" right or interest, subject to division upon divorce, in military retirement benefits, prior to the time the right to payment under the pension became certain.

Jack and Verna Van Loan were married in March of 1957. At that time Jack was a member of the United States Air Force, having joined the Force in September of 1954.

In February of 1974 a petition for dissolution of the marriage was filed, and on February 27 of that year the marriage was dissolved by a decree of dissolution. A property settlement agreement was entered into by the parties and incorporated by reference into the divorce decree.

On August 1, 1975 Verna petitioned the trial court for modification of the decree, seeking to be awarded a portion of her former husband's military retirement benefits which he would be eligible to receive upon his retirement. At the time of the dissolution, Jack had served nineteen years and five months in the Air Force. In requesting the modification of the decree, Verna contended that the community had a property interest in the retirement benefits at the time of their divorce to the extent that community labor had contributed towards acquiring the pension. The pension not having been considered in the settlement agreement, Verna maintained that the court should award her a share of the retirement benefits pursuant to the subsequently discovered property provisions of the settlement agreement.

Following a hearing, the trial court modified the decree awarding Verna an interest in the retirement pay in an amount equal to one-half of the fraction 17 over the number of years served by Jack in the Air Force if and when received by him. The court further ordered that spousal payments continue through September, 1975 at which time they be terminated.

An appeal was thereupon taken by Jack to the Court of Appeals, Division Two, concerning the trial court's award of the pension benefits. The Court of Appeals, in a well-reasoned opinion, affirmed the lower court's resolution of this controversy. *Van Loan v. Van Loan* (2 CA–CIV 2174, filed January 20, 1977). A motion for rehearing was denied, and Jack petitioned this court for review. Because this case presents an issue of first impression in this jurisdiction, we felt it appropriate for this court to address itself to the matters presented, and we therefore granted the petition. The Court of Appeals decision is vacated.

Jack argues that because he had not completed twenty years of service at the time of the divorce, neither he nor the community had acquired a "vested right" in the retirement benefits. He maintains that until he did serve twenty years he had nothing but a mere "expectancy" which is less than a property right and, hence, is not divisible upon divorce. We do not agree.

The touchstone of the solution to this matter revolves not around whether the employee's interest was "vested" at the time of the divorce but whether his rights in the pension constitute a property interest or right purchased with community funds or labor. We start with the proposition that pension plans are a form of deferred compensation to employees for services rendered. *Yeazell v. Copins*, 98 Ariz. 109, 402 P.2d 541 (1965); *Everson v. Everson*, 24 Ariz.App. 239, 537 P.2d 624 (1975). As compensation, any portion of the plan earned during marriage is property of the community. *Everson v. Everson*, supra. And because pension benefits do constitute a valuable part of the consideration for the entrance into and continuation of services, an

employee's right to such benefits has been held to be a contractual right derived from the terms of the employment contract that cannot be unilaterally modified. *Yeazell v. Copins, supra; In re Marriage of Brown*, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976). That there is yet a condition to be fulfilled prior to the maturation of the right to payment of pension benefits does not in any way vitiate the firm and binding nature of the pension terms of the contract. *Yeazell v. Copins, supra*. Considering whether that contractual right is a form of property, we reject the proposition that an employee has no more than a mere "expectancy" prior to the maturation of his pension rights. As stated by the California Supreme Court in *In re Marriage of Brown, supra*:

> "The term expectancy describes the interest of a person who merely foresees that he might receive a future beneficence, such as the interest of an heir apparent [citations omitted], or of a beneficiary designated by a living insured who has a right to change the beneficiary [citations omitted]. As these examples demonstrate, the defining characteristic of an expectancy is that its holder has no *enforceable right* to his beneficence." 126 Cal.Rptr. at 637, 544 P.2d at 565.

(*See also DeRevere v. DeRevere*, 5 Wash. App. 741, 491 P.2d 249 (1971), where a Washington appellate court similarly rejected the contention that an employee's unvested right to a pension is a mere expectancy while holding that the community's interest in such a pension does, in fact, constitute *property* divisible by the court.)

Clearly, a contractual right is an enforceable right. Since a contractual right is not an expectancy but is a chose in action, *In re Marriage of Brown, supra*, it is a form of property. *City of Phoenix v. Dickson*, 40 Ariz. 403, 12 P.2d 618 (1932). As such, we hold that an employee, and thereby the community, does indeed acquire a property right in unvested pension benefits upon performance under the contract. Thus, to the extent that such a property right is earned through community effort, it is properly divisible by the court upon dissolution of the marriage.

As earlier mentioned, the order of the trial court further required that Jack continue to pay spousal maintenance through September, 1975, at which time it should cease permanently. This order was premised on the provisions of the property settlement agreement which provided that Jack pay support to Verna until the latter's take-home pay, exclusive of taxes, exceeded $450 per month. On appeal, this ruling is challenged on the grounds that it was unsupported by the evidence. Since there is no reporter's transcript, however, it must be presumed that there was adequate evidence to support the decision of the trial court, *Haining Lumber Co. v. Octavious Leon, Inc.*, 70 Ariz. 31, 215 P.2d 909 (1950), and we therefore will not disturb the ruling of the court below.

Finally, Jack has argued in his petition for review to this court that the formula employed by the trial court in computing the portion of the pension rights allocable to his wife was erroneous. The propriety of using the formula was never objected to at the trial level nor was it argued by counsel in the briefs submitted to the Court of Appeals. The issue was first raised at oral argument before the Court of Appeals. The failure to raise an issue either at the trial level or in briefs on appeal constitutes a waiver of the issue. *Goldwater's v. Medar*, 82 Ariz. 344, 313 P.2d 410 (1957). Counsel for the petitioner argues that his substitution of counsel prior to oral argument before the Court of Appeals should have justified the appellate court's and this court's consideration of the issue. However, in view of substitute counsel's failure to file a supplemental brief with the court during the two-month period between substitution of counsel and oral argument, we think that counsel had ample time within which to file a supplemental brief and therein raise the issue. Counsel not having done so, we think the matter has been waived and we therefore need not address the issue here. Parenthetically, however, we do note that in declining to consider the

question, we neither condone nor condemn the correctness of the formula used by the trial court.

Pursuant to the foregoing, the judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and GORDON, J., concurring.

HOLOHAN, Justice, dissenting.

The decision by the majority today condones a judgment of the Superior Court which amounts to the confiscation of the appellant's separate property. It has been the law of this state from statehood that in a divorce action the Superior Court may not divest the parties of their separate property. This is confirmed in the current statute. A.R.S. § 25–318. The formula used by the Superior Court to provide a division of the appellant's military retirement is fundamentally wrong and results in the loss of the appellant's separate property.

The majority seek to ignore this important question on the basis that it was not an issue raised on appeal. Conceding for the purpose of argument that such is the case this does not end the matter. It has been the law of this state since 1892 that this court will notice and review on appeal matters of fundamental error. *Keyser v. Shute*, 3 Ariz. 336, 29 P. 386 (1892); *State Consolidated Publishing Company v. Hill*, 39 Ariz. 163, 4 P.2d 668 (1931); *Wagner v. Coronet Motel*, 10 Ariz.App. 296, 458 P.2d 390 (1969).

The appellant has resisted the setting aside of any amount of his military retirement benefits to the appellee because, as he argued, there was no property right in a noncontributory, nonvested pension, citing: *Lumpkins v. Lumpkins*, 519 S.W.2d 491 (Tex.Civ.App.1975) and *French v. French*, 17 Cal.2d 775, 112 P.2d 235 (1941). The theory upon which these cases proceeded was that nonvested pensions were a mere expectancy and thus not a community asset subject to division upon dissolution of marriage. Subsequent to the trial of this action the California Supreme Court overruled *French v. French* and ruled that there could

be a property right in noncontributory, nonvested pensions. *In re Marriage of Brown*, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976). The Supreme Court of Texas has overruled *Lumpkins* in *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976) and adopted the position of the California Supreme Court in the *Brown* case.

In oral argument before the Court of Appeals counsel for appellant pointed out to the court the error in the formula used by the trial court. In the motion for rehearing following the decision of the Court of Appeals the appellant again pointed out the error by the trial court which amounted to confiscation of his separate property. There is no doubt in my mind that the error of the trial court was fundamental and this court had a duty to notice the error and review the matter.

There is also a question whether the appellant failed to raise the issue properly in the appellate court. There is a rule that questions necessarily involved in issues raised and litigated in the trial court are open for consideration on appeal even though they were not specifically raised below. *Arrington v. United Royalty Co.*, 188 Ark. 270, 65 S.W.2d 36 (1933); *Pine Grove Nevada Coal Mining Co. v. Freeman*, 63 Nev. 357, 171 P.2d 366 (1946); 5 Am. Jur.2d *Appeal and Error* § 548. The appellant was attacking any division to be made by the Superior Court of his military retirement. It would seem reasonable that this would also include an objection to the actual amount set aside to the appellee.

The question presented by this case is an issue of first impression in this jurisdiction. It would have been appropriate for the court to address itself to the matter in far greater detail than was done in this case. A number of jurisdictions have wrestled with the problems associated with the division of nonvested pension rights. The court has given little guidance to the trial courts of this state, and it certainly did not help the situation by refusing to condemn the patently incorrect formula used by the Superior Court judge in this case.

276

It would have been helpful if this court had suggested or approved some of the methods that have been used in other jurisdictions to solve the problem of making a division of property which has not yet come into being. It is particularly difficult because the property may never come into being. In the case of the military, death, resignation, discharge, reduction in force and other factors may occur before the military benefits have matured. Any division of the community interest in the retirement benefits must provide for the contingency that there may be no benefits through no fault of the parties.

In the instant case the appellant was continuing his military career. From the date of divorce all subsequent increases in pension rights were separate property. Promotions in rank, increases in pay for length of service, and other factors necessarily increased the value of appellant's pension rights. These increases are separate property. The Superior Court ignored the future increases and arbitrarily fixed appellee's share as a percentage of what appellant would later receive. By this action the trial court divested the appellant of a portion of his retirement which was separate property. The development of a percentage division is a proper method if it is applied correctly. *See DeRevere v. DeRevere,* 5 Wash.App. 741, 491 P.2d 249 (1971). When the benefits of the retirement are subject to increases because of the efforts of employee after the dissolution of the community, the Superior Court has the duty to establish a formula which does not take from the employee that which is separate property. One solution of the problem in this case is that approved in *Wilder v. Wilder,* 85 Wash.2d 364, 534 P.2d 1355 (1975). The detailed order of the trial court in *Wilder* appears to be a good method of providing a division of military pension benefits for a serviceman who is eligible for retirement but intends to continue on active duty.

My dissent in this case applies to the results of the trial court's division of property. I agree with the majority that there is a property right for community property purposes in a noncontributory pension before the same has vested. I would, however, reverse the case and remand it to the trial court for the application of a formula which did not divest the appellant of his separate property.