NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAYBE BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

MICHAEL P. THIEME, *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF TRANSPORTATION,
*Defendant/Appellee.*

No. 1 CA-CV 14-0221
FILED 2-26-2015

———————————————

Appeal from the Superior Court in Maricopa County
CV2013-002843
The Honorable Robert H. Oberbillig, Judge

**AFFIRMED**

———————————————

COUNSEL

Michael P. Thieme, Prescott
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Brock J. Heathcotte
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

H O W E, Judge:

¶1        Michael P. Thieme appeals the dismissal of his tort action against the State of Arizona and the Arizona Department of Transportation (ADOT).[1] The superior court found that Thieme's complaint failed to state a claim upon which relief can be granted pursuant to Arizona Rule of Civil Procedure Rule ("Rule") 12(b)(6). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        In March 2012, a Yavapai County Sherriff's Office ("YCSO") deputy entered Thieme's home, arrested him, and asked him to consent to a breath test. When Thieme refused to submit to the breath test, the deputy served Thieme with an order of suspension of his driver's license pursuant to Arizona Revised Statute ("A.R.S.") section 28-1321(D)(2)(b).

¶3        Thieme timely requested a hearing before ADOT to contest the suspension. Thieme complained that the deputy had no basis for requiring him to submit to the breath test. Since the March 2012 incident, the YSCO deputy had been fired and therefore did not appear at the suspension hearing. ADOT subsequently vacated the suspension of Thieme's license.

¶4        Thieme then brought this tort action against ADOT, alleging that ADOT was liable for the YSCO deputy's actions under the doctrine of respondeat superior. The State moved to dismiss Thieme's complaint under Rule 12(b)(6) for failing to state a claim upon which relief could be granted. The State argued that ADOT was not liable because ADOT neither employed nor had no control over the YSCO deputy. The superior court dismissed the complaint under Rule 12(b)(6) and Thieme timely appealed.

---

[1]        Although ADOT is a non-jural entity, we refer to the State of Arizona as ADOT for consistency.

**DISCUSSION**

¶5 Thieme argues that his tort action should have survived dismissal under Rule 12(b)(6) because ADOT is vicariously liable for the deputy's actions. Thieme's argument hinges on his contention that the YCSO deputy acted as an ADOT employee under A.R.S. § 12–820(1) when he served Thieme with a notice of suspension pursuant to A.R.S. § 28–1321(D)(2)(b).

¶6 We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7, 284 P.3d 863, 866 (2012). In our review, we accept the complaint's allegations as true and resolve all inferences in the plaintiff's favor. *Southwest Non–Profit Housing Corp. v. Nowak*, 234 Ariz. 387, 390–91 ¶ 10, 322 P.3d 204, 207–08 (App. 2014). Dismissal pursuant to Rule 12(b)(6) is appropriate if—as a matter of law—the plaintiff would not be entitled to relief under any interpretation of the facts. *Coleman*, 230 Ariz. at 356 ¶ 8, 284 P.3d at 867 (quoting *Fidelity Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4, 954 P.2d 580, 582 (1998)). We will uphold a dismissal when it is certain that the plaintiff could not prove any set of facts entitling him or her to relief. *Wallace v. Casa Grande Union High School Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 424, 909 P.2d 486, 491 (App. 1995). Mere conclusory statements are insufficient to state a claim upon which relief can be granted. *Cullen v. Auto-Owners, Ins. Co.*, 218 Ariz. 417, 419 ¶ 7, 189 P.3d 344, 346 (2008).

¶7 Section 12–820(1) defines employee of a public entity as an "officer, director, employee, or servant . . . who is authorized to perform any act or service, except that employee does not include an independent contractor." Arizona's implied consent law generally requires a person who operates a motor vehicle in this state to consent to alcohol or drug tests if arrested for driving under the influence of those substances. *See* A.R.S. § 28–1321; *Caretto v. Ariz. Dep't of Transp.*, 192 Ariz. 297, 302 ¶ 19, 965 P.2d 31, 36 (App. 1998). Section 28–1321(D)(2)(b) provides that if a person under arrest refuses to submit to the test designated by the law enforcement agency, the law enforcement officer directing the administration of the test shall "[o]n behalf of [ADOT], serve an order of suspension on the person . . . ."

¶8 Even accepting the allegations of Thieme's complaint as true, ADOT is not liable for any alleged tortious conduct because the deputy was employed by YCSO, not ADOT. The deputy's decision to administer a breath test triggered a statutory mechanism—A.R.S. § 28–1321(D)(2)(b)—that required him to serve Thieme with an order of suspension once Thieme refused to submit to the test. Although A.R.S. § 28–1321(D)(2)(b) directed

the deputy to serve the suspension order "on behalf of ADOT," this does not mean that an employer-employee relationship existed between the deputy and ADOT. Instead, it means that the deputy served the order for ADOT. By serving Thieme with notice upon his refusal to submit to the test, the deputy acted in furtherance of his statutorily prescribed duties as a sworn law enforcement officer for YCSO, not ADOT. ADOT therefore cannot be liable for the deputy's alleged negligent conduct. Thieme's allegations about the propriety of the deputy's decision to administer the breath test in the first place does not change the deputy's employment status. And because we find that the deputy was not an employee of ADOT, we do not consider Thieme's argument that ADOT owed him a duty of care. Accordingly, we affirm the superior court's dismissal of Thieme's tort claims for failure to state a claim upon which relief can be granted.

¶9        Thieme next argues that A.R.S. § 28-1321(N) "is overbroad and unconstitutional[.]" Section 28-1321(N) provides that, "[i]f the suspension or determination that there should be a denial of issuance is not sustained, the ruling is not admissible in and has no effect on any administrative, civil or criminal court proceeding." Because Thieme's tort action hinged on finding ADOT vicariously liable for the deputy's actions, we need not decide the constitutionality of a statute governing the admissibility of a license suspension ruling. The issue is moot.

¶10       For the first time on appeal, Thieme also argues that ADOT is liable for "abuse of a civil administrative process." We do not consider this argument because it has been waived. *See Van Loan v. Van Loan*, 116 Ariz. 272, 274, 569 P.2d 214, 216 (1977) (arguments raised for first time on appeal are untimely and, therefore, deemed waived).

## CONCLUSION

¶11       For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

4