NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSEPH FARMER, *Plaintiff/Appellant,*

*v.*

MICHAEL SCHLOSS; and CLARK & SCHLOSS FAMILY LAW,
*Defendants/Appellees.*

No. 1 CA-CV 25-0989

FILED 06-23-2026

Appeal from the Superior Court in Maricopa County
No. CV2025-012582
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

COUNSEL

Joseph F. Farmer, Phoenix
*Plaintiff/Appellant*

Buchalter LLP, Scottsdale
By Buzzi L. Shindler, Stephen F. Best
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

¶1　　　　Joseph Farmer appeals the dismissal with prejudice of his lawsuit against Michael Schloss and Clark & Schloss Family Law, P.C. (collectively "Schloss"). Because Farmer has not shown error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　　This case arises out of Farmer's 2018 dissolution proceedings when Schloss represented Farmer's ex-wife. During the proceedings, Farmer twice failed to submit a hair follicle for a drug test because he had shaved all his body hair. In a court filing, Farmer's ex-wife alleged that he must have shaved his entire body only to avoid testing and later submitted photos of the previously unshaven Farmer as evidence. The court found Farmer "dirty" for illicit substances and ordered twice-a-week drug testing.

¶3　　　　In 2024 or 2025, Farmer found one of his old cell phones with his ex-wife's email account still logged in and read privileged emails between her and Schloss. In the emails, Schloss discussed selecting only photos of Farmer showing no evidence of shaved body hair to "solidify the narrative" he never shaved his body and thus must have done so to evade the drug test. The emails contained other photos of Farmer's shaved arms and chest. In April 2025, Farmer sued Schloss for intentional infliction of emotional distress, fraud, and loss of parental relationship with his children, all stemming from Schloss allegedly fraudulently misrepresenting to the court that Farmer never shaved his body while knowingly possessing evidence showing otherwise.

¶4　　　　Schloss moved to dismiss, and the court granted the motion, finding that Farmer's claims were time-barred because the statute of limitations had long expired. Farmer timely appealed. We have jurisdiction. A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶5        On appeal, Farmer argues the superior court failed to toll the statute of limitations on his fraud claim because it did not apply the discovery rule under Arizona Revised Statutes Section 12-543(3). Farmer waived any challenge to the dismissal of his other claims by not raising them on appeal. *Van Loan v. Van Loan*, 116 Ariz. 272, 274 (1977). And although Farmer's claims rely on privileged attorney-client communications, Schloss never argued the emails were inadmissible. Schloss thus waived any such argument.

¶6        "We review the dismissal of a complaint under [Arizona Rule of Civil Procedure] 12(b)(6) de novo." *Sanchez-Ravuelta v. Yavapai County*, 259 Ariz. 517, 525, ¶ 25 (2025). We "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012). We may affirm for any reason supported by the record. *Motley v. Simmons*, 256 Ariz. 317, 321, ¶ 10 (App. 2023).

¶7        Under the discovery rule, fraud claims must be brought within three years, but that time does not begin to run until the aggrieved party discovers the facts constituting fraud. A.R.S. § 12-543(3). Put differently, the claim accrues when "the plaintiff knows or with reasonable diligence should know" of the defendant's wrongful conduct. *Doe v. Roe*, 191 Ariz. 313, 322, ¶ 29 (1998). A plaintiff cannot hide behind ignorance when reasonable investigation would have alerted him to the claim. *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 12 (App. 2010).

¶8        The superior court concluded that the discovery rule would not help Farmer's claims because he necessarily knew of his injury and the act causing it at the time of the original court proceedings. Farmer was present during the dissolution proceedings when Schloss made his allegedly false arguments and would have known the statements were false and damaging to him. And the court found the emails discovered about seven years later did not contain any new material facts.

¶9        The record supports the court's findings and shows Farmer must have known then that Schloss allegedly misrepresented his personal grooming habits. And if Farmer was captured in other photos that would have refuted Schloss, Farmer would have known that as well. *See id.* ("[A] tort claim accrues when a plaintiff knows or with reasonable diligence should know of the defendant's wrongful conduct." (cleaned up)). In short,

Farmer did not "discover" the alleged fraud any later than the original dissolution proceedings.

¶10 The superior court did not err in concluding that even applying the discovery rule, Farmer's claim accrued when the allegedly offending conduct occurred—about seven years before he filed his complaint.

¶11 Schloss requests attorney fees on appeal under Section 12-349(A), claiming Farmer's suit lacked substantial justification because no reasonable jury could conclude Farmer's claims had merit.

¶12 Under Section 12-349(A), the "court shall assess reasonable attorney fees" if a party "[b]rings or defends a claim without substantial justification." A.R.S. § 12-349(A)(1). A claim without substantial justification is one that is groundless and not made in good faith. A.R.S. § 12-349(F). A party presents a groundless claim when it cannot present a rational argument supported by evidence or law. *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 243, ¶ 15 (2024). This does not include "long shot" claims that are at least "fairly debatable." *Id.* A claim is not made in good faith if it is (1) groundless, and (2) the party knows or should have known, or is indifferent to its groundlessness, but asserts it anyway. *Id.* at 248, ¶ 38. Both prongs of the test are reviewed objectively. *Id.* at 243, 249, ¶¶ 15, 40. We cannot conclude Farmer knew, should have known, or was indifferent to the invalidity of his claims and we thus decline to award Schloss attorney fees on appeal.

## CONCLUSION

¶13 We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:     JR

4